## QUESTIONS PERTAINING TO ATTACHMENT.

Circuit Court of Erie County.

MYRTLE CROSBY v. THE SANDUSKY GAS & ELECTRIC CO.

Decided, May 7, 1912.

*Attachment—Question of Ownership of the Property Attached Can Not be Raised on Motion to Discharge the Attachment—Right to Exemption Not Acquired by Marriage, When—Waiver of Question as to Right of Appeal.*

1. A claim by the defendant in a suit in attachment that the property attached belongs to another can not be determined on motion to discharge the attachment.
2. The marriage of the defendant, after the attachment is levied but before sale of the property, does not afford ground for the claim that the property is exempt from attachment.
3. Any question as to the right of appeal from an order of the justice of the peace discharging the attachment is waived by going to trial in the common pleas court on the merits without raising the objection.

*R. B. Fisher,* for plaintiff in error.
*King & Ramsey,* contra.

RICHARDS, J.

The Sandusky Gas & Electric Co. brought an action before a justice of the peace of this county against Myrtle Crosby to recover on an account for gas and electricity furnished to her for use in her residence. The action was accompanied by an attachment. Summons was issued on the 15th day of November, 1911, and was served on her the same day. Accompanying the summons was an order of attachment which was levied the same day on certain property claimed to be owned by her. One of the grounds for the attachment stated in the affidavit therefor was that the gas and electricity furnished were necessaries. Before issuing the order of attachment the justice took from the plaintiff in his court a bond in which it is recited that "We bind our-

selves to the defendant, Myrtle Crosby." etc.  The bond is signed "The Sandusky Gas & Electric Co., E. A. Beckstine, Mgr."

The justice, by entry upon his docket, approved of this bond and the surety thereon.  Myrtle Crosby was married on the day following the levy of the attachment issued against her, and thereupon moved to discharge the attachment for various reasons, among which are that the property was exempt from attachment, and that in fact it belonged to her husband.  When the case came on for hearing in the justice court he discharged the attachment and rendered a judgment against the Sandusky Gas & Electric Co. for the costs made on the attachment, and judgment in favor of the company against Myrtle Crosby for the full amount claimed in the bill of particulars.  I might say, in passing, that at no stage of the case was the amount sued for before the justice disputed by Myrtle Crosby.  The Sandusky Gas & Electric Co. filed with the justice an appeal bond in the sum of $600, being twice the appraised value of the attached property, by which bond it undertook to appeal from the decision of the justice discharging the attachment and adjudging costs on the attachment against it.

On the trial of the case in the court of common pleas that court overruled the motion to discharge the attachment.  Subsequent to the hearing of the case in the common pleas court on the merits, Myrtle Crosby filed a paper objecting to the jurisdiction of that court over her person.

The case is brought to the circuit court by a petition in error and a bill of exceptions containing all the evidence.  The conclusions reached by us will be briefly stated.  The claim made by the plaintiff in this court that the property attached belongs to her husband can not be investigated nor determined upon a motion to discharge the attachment.  That principle was announced by the Supreme Court in *Langdon* v. *Conklin,* 10 O. S., 439, more than fifty years ago and has ever since been followed.

The marriage of the defendant on the day following the levy of the attachment does not entitle her to claim the property as exempt from attachment.  *Selders* v. *Lane,* 40 O. S., 345; 2 C. C., 63; 13 C. C., 530.

Some contention exists as to whether the plaintiff in attachment before the justice had the right to appeal from the order discharging the attachment and adjudging the costs against it. Without determining that question, we are unanimously of the opinion that by going to trial in the common pleas court on the merits without having challenged the jurisdiction of the latter court the defendant waived any right that may have existed to deny the appealability of the action. The point appears to have been determined by the Supreme Court in *Drake* v. *Tucker*, 83 O. S., 97.

Finding no prejudicial error, the judgment of the court of common pleas will be affirmed.

WILDMAN, J., and KINKADE, J., concur.